IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR84 |
| Plaintiff, | ) ) ) | **O R D E R** |
| v. | ) ) | |
| WAYNE PETERSON, | ) ) | |
| Defendant. | ) | |

On March 16, 2006, pursuant to 18 U.S.C. § 4241(d) this Court found by a preponderance of the evidence that the Defendant was suffering from a mental disease or defect rendering him mentally incompetent to stand trial.  The Court ordered the Attorney General to hospitalize the Defendant and pursuant to § 4241(d)(1) determine whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the trial to proceed.

Pursuant to that Order, the Bureau of Prisons' facility at Butner, North Carolina prepared a report concluding that the Defendant remained incompetent.  However, the report indicated that there was a substantial probability that his competency status could be restored with a period of treatment with anti-psychotic medications.  The Defendant refuses to voluntarily take the medication.  The medical team requested the Court for direction as to whether they could commence the involuntary treatment pursuant to Sell v. United States, 539 U.S. 166 (2003).

The government has stipulated for purposes of the September 7, 2006 hearing, without prejudice to re-trying the issue at a later time should the need arise, that under the unique facts of this case, it is unlikely at this time that it could meet the first prong under Sell requiring the court 1) to consider the facts of the individual case in evaluating the

Government's interest in prosecution, and 2) to recognize that special circumstances may lessen the importance of that interest, such as that the defendant's failure to take drugs voluntarily, may result in lengthy confinement in an institution for the mentally ill, thereby diminishing the risks that ordinarily attach to freeing without punishment one who has committed a serious crime.

As a result of such stipulation, the Court cannot order the involuntary medication of the defendant at this time.

The Court finds that the Defendant's mental condition has not so improved as to permit the trial to proceed and that there is not a substantial probability that he will become competent in the foreseeable future. Pursuant to 18 U.S.C. § 4241(d), the Defendant is ordered returned to the Federal Medical Facility in Butner, subject to the provisions of 18 U.S.C. § 4246.

BY THE COURT:

    September 7, 2006        s/ Joseph F. Bataillon
        Date                      HON. JOSEPH F. BATAILLON
                                        Chief United States District Judge